WILLIAM D. BODWELL *vs.* GEORGE C. MOORE.

Middlesex. January 14, 15, 1902. — February 28, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Negligence*, Employer's liability.

In an action against an employer for an injury from a circular saw, the plaintiff contended, that the accident was caused by a thumb screw that held the gauge of the machine in place having worked loose and that the thread of this thumb screw was so worn that it could not be set securely by hand. In order to demonstrate this, the plaintiff's only witness, besides himself, tried an experiment in open court with the saw table on which the accident happened. After setting the thumb screws with his fingers, the witness was asked " to move the gauge or cause it to slip in the presence of the jury." He admitted that he could not then stir it without pounding the gauge on the end, a strain to which it would not be subjected in sawing boards. *Held*, that a verdict rightly was ordered for the defendant; that if the thumb screw had been tightened properly the accident would not have happened, and on the evidence the plaintiff was not in the exercise of due care.

TORT for injuries caused by the defendant failing to furnish the plaintiff with suitable tools, machinery and appliances for his work and furnishing him with an unsafe, defective and dangerous saw, saw bench and saw gauge or rest, with a second count, alleging defective ways, works and machinery. Writ dated July 16, 1901.

In the Superior Court, *Gaskill*, J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*A. S. Howard*, for the plaintiff.

*F. E. Dunbar*, for the defendant.

LORING, J. In this case the plaintiff lost two fingers of his left hand and the use of a third, while operating a circular saw. The saw in question was seven inches in diameter, and was set in a table five feet long and three and one half feet wide. "The saw table was furnished with a saw rest or saw gauge of wood about two and one half feet long, four inches high and two inches thick, running, when in proper position, parallel with the line of the saw. Two other pieces of wood, or cleats, about three inches wide and eighteen inches long, were fastened to the rest or gauge at right angles therewith on the side away from the saw and about eighteen inches apart. The rest was

held in position by means of two thumb screws, each about five inches long, in each cleat being a slot through which one screw passed. The screws were stationary, being screwed through these slots and into threaded holes in iron plates imbedded in and flush with the top of the table; but when the screws were loose the rest could be moved back and forth about fourteen inches, the length of the slots, to and from the line of the saw." At the time of the accident the plaintiff was getting out a piece of wood two inches thick and three quarters of an inch wide. For this purpose he was running through the saw a piece of wood twenty inches long, two inches thick and two inches wide. When the plaintiff "had sawed about two thirds through the twenty inch piece," " the near end of the saw rest moved to the right, causing the far end of the rest to ' pinch ' the saw, throwing the board over his shoulder and carrying his left hand against the saw."

The plaintiff was forty-nine years old, had been a general carpenter since he was fifteen, and " although he had not regularly operated circular saws, had run a planer at one time in a sash and blind factory and had worked more or less about and near circular saws." At the time of the accident he was employed in the defendant's mill " to do general repairs and carpentering about the mill, being the only person employed there for that particular line of work." He testified that he had not used the saw "more than twenty-five or fifty times prior to the accident." After the accident " he examined the rest and found that the near end had moved to the right, causing the far end to ' pinch ' the saw, but did not observe whether the thumb screw had worked loose. He also examined the board and found that it was not broken." He further testified that " before using the saw upon this occasion, he adjusted the saw rest parallel with and three fourths of an inch from the line of the saw by tightening the thumb screws with his thumbs as far as they would tighten." The only testimony put in by the plaintiff, in addition to his own, was that of one Guyette, who was employed to do the work done by the plaintiff before the plaintiff was employed. Guyette testified that the thumb screw near the front of the saw " had a tendency to work loose"; that since the accident " he had examined the screw and found

that the thread was worn," and that "under ordinary conditions the screw, if tightened with the thumb alone, would work loose after the saw had been in operation about twenty minutes to half an hour." He stated that "although it was difficult to judge, it might take two seconds for a man to run a piece of board twenty inches long, two inches thick and two inches wide two thirds of its length through the saw, if the saw was sharp. It would depend on the kind of wood. He did not recall that the near thumb screw had ever worked loose while he was operating the machine in so short a time, but would not have been surprised to find it working loose in that time." The saw table was produced in court, and this witness was asked, after setting up the thumb screws with his fingers, "to move the gauge or cause it to slip in the presence of the jury. He admitted that he could not then stir it without pounding the rest on the end, a strain to which it would not be subjected in sawing boards."

No evidence was introduced by the defendant, and the judge instructed the jury to find for the defendant.

We are of opinion that that instruction was correct. Without going further it is enough to say that it was demonstrated in open court that the thumb screw was not worn so that it could not be set up securely by hand. It is plain that if the thumb screw had been properly tightened the accident would not have happened.

On the evidence the plaintiff was not in the exercise of due care.

*Exceptions overruled.*